[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10343

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

REESE CLARKE,
a.k.a. Skinny Reese,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20410-KMM-1

_____

Before BRANCH, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Reese Clarke appeals his sentence of a life term of supervised release, which was imposed after he was resentenced upon revocation of his initial term of supervised release. Clarke concedes that the life term did not exceed the statutory maximum, but he argues that it was unreasonable for the district court to have imposed that term on him. After careful review, we reject Clarke's arguments and affirm.

## I.

To understand why the district court imposed a life term of supervised release, we must examine Clarke's criminal history. Before 2019, Clarke was a felon. He had been convicted of conspiracy to sell or deliver cocaine, carrying a concealed firearm, grand theft of a vehicle, and possession of cocaine with intent to sell.

In 2019, police obtained a search warrant for an apartment that Clarke shared with his girlfriend and six children. The police arrested Clarke, and their search revealed seven bags containing approximately seven grams of marijuana, one bag containing approximately one gram of marijuana, a digital scale, a marijuana cigarette, $253 in various denominations consistent with drug sales, a .40 caliber bullet recovered from the living room floor, .3 grams of "molly" (MDMA), a black bag from the freezer that contained a stolen .40 Glock 23, a magazine, an extended magazine with a .40

caliber round, an AR-15 magazine with 29 rounds of .223 caliber ammunition, and a silver magazine. Later that same year, police again arrested Clarke at the apartment. This time, they found a bag containing about 22 grams of marijuana. According to law enforcement, Clarke was trying to flush the marijuana down the toilet when he was arrested.

Clarke pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possessing marijuana with the intent to distribute within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 860(a) and 841(a)(1). At sentencing, after sustaining two objections that Clarke offered, the district court calculated the total offense level as 10 and Clarke's criminal history category as III. The court agreed with the government that Clarke's criminal history warranted an upward variance. That history included: (1) at age 14, robbery by sudden snatching in which Clarke struck an employee with a steel hair pick and threw a shopping cart at the employee; (2) at age 15, battery on a pregnant woman; (3) at age 21, aggravated assault with a firearm; (4) at age 21, a domestic violence incident in which Clarke allegedly threw a cellphone at the victim; (5) at age 21, another aggravated assault with a firearm in which Clarke produced a firearm and stated he would kill the victim; (6) at age 23, battery; and (7) at age 24, battery. Along with that criminal history, the court also concluded that the guidelines failed to consider the fact that Clarke committed his most recent crimes in a house full of young children, that he continued to deal drugs between his two 2019 arrests, and that Clarke attempted to destroy evidence during his second 2019

arrest. The court sentenced Clarke to 36 months' imprisonment followed by a four-year term of supervised release.

Clarke began serving his supervised release term in 2022. After he violated the conditions of his supervised release 16 times, his probation officer recommended that the court revoke Clarke's supervised release. Those violations included unlawfully using a controlled substance; petit theft; multiple instances of grand theft; associating with other persons engaged in petit or grand theft; driving while license suspended, revoked, cancelled, or disqualified; failure to work regularly at a lawful occupation; and failure to notify his probation officer of his arrest or change in employment, to submit monthly reports, or to report to the Probation Office as directed.

At the revocation hearing, Clarke stipulated to the violations, and the court adjudicated him as guilty. The district court noted that Clarke's criminal history category was III, and he had a guideline imprisonment range of 8 to 14 months. Clarke requested a low-end prison sentence and for the court to terminate probation. The government sought a high-end prison sentence and agreed that no supervised release should follow. The district court disagreed with the parties' arguments on supervised release. The district court stated that "it would be a dereliction of my duty . . . to sentence him to another period of incarceration, knowing that there is a strong likelihood that he is going to commit a new violation and not be able to do anything about it because he is no longer on supervised release." The district court made it clear that Clarke "needs to understand that we're going to stay with it. We're going

to stick with it. It's up to him. If he wants to just continue to be re-incarcerated, then that's what we're going to do." And the district court rejected the idea that Clarke could "put us in a position where he's saying: Well, I don't do very well on supervised release; there-fore, don't put me on supervised release. I mean that's not protect-ing the community. There are victims out here to these violations, so it's up to him."

The court concluded that Clarke violated the terms and con-ditions of his supervised release, revoked his initial term of super-vised release, and sentenced Clarke to fourteen months imprison-ment followed by a life term of supervised release. Clarke appeals the district court's imposition of the life term of supervised release.

## II.

We review a sentence imposed on the revocation of super-vised release for reasonableness. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). The reasonableness of a sentence is reviewed for abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). The party challenging a sentence bears the burden of establishing the sentence is

unreasonable in the light of the record and the section 3553(a) sentencing factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

## III.

Clarke argues that the district court abused its discretion by imposing a life term of supervised release. We disagree. We will address each of Clarke's arguments in turn.

Clarke first asserts that under 18 U.S.C. § 3583(h), which governs the imposition of supervised release following revocation, the district court should have considered the section 3553(a) factors. *See* 18 U.S.C. § 3553(a); *see also United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (holding that district courts must consider section 3553(a) factors when imposing an additional term of supervised release under section 3583(h)). Assuming without deciding that the statute requires a district court to consider the 3553(a) factors when imposing a second term of supervised release under section 3583(h), we believe the district court adequately considered those factors here. The district court's commentary was mostly directed at the need for supervised release to deter Clarke from future criminal conduct. *See* § 3553(a)(2)(B). For instance, the district court took notice of "the nature and circumstances of the offense and the history and characteristics of the defendant." § 3553(a)(1). The court remarked on Clarke's "track record" of criminality, and the "strong likelihood" that Clarke would violate the law after his release from prison.

Next, Clarke contends that the district court erred by failing to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). According to Clarke, the district court's imposition of a life term of supervised release "is an untenable outlier." Not so. Although Clarke had a criminal history category of III, the district court reasonably concluded at his original sentencing that Clarke had a long, violent record that was not captured by his criminal history category. Clarke argues that life terms of supervised release are "usually imposed on child sex assault, child pornography, [and] violent crime offenders." But that argument does not render the district court's imposition of a life term of supervised release in this case an unreasonable abuse of discretion. Clarke's past contains multiple acts of violence, unlawful possession of a weapon, and drug-dealing in an apartment he shared with several children. In light of Clarke's unique circumstances, we cannot say the district court created an *unwarranted* disparity when it imposed a life term of supervised release on Clarke.

Clarke further argues that the district court improperly considered retribution when it imposed a life term of supervised release. *See* § 3553(a)(2)(A). The Supreme Court has held that "a court may not take account of retribution . . . when imposing a term of supervised release." *Tapia v. United States*, 564 U.S. 319, 326 (2011). According to Clarke, the district court violated this command when it stated that "[t]here are victims out here to these violations." We believe Clarke's argument misconstrues the record. In context, the district court's reference to victims was plainly about

the need for deterrence, not retribution. Immediately preceding that statement, the district court expressed its desire to "protect[ ] the community"—or potential future victims—from Clarke's actions. And "[p]rotect[ing] the public from further crimes of the defendant" is one of the permissible section 3553 factors that a court may consider when imposing a term of supervised release. § 3553(a)(2)(C).

Finally, Clarke suggests that he is an "incorrigible defendant," who is an "inapt candidate[ ]" for supervised release. We cannot say the district court abused its discretion in concluding otherwise. We have said that defendants like Clarke "who violate the conditions of their supervised release are the defendants most in need of more supervised release." *United States v. Gresham*, 325 F.3d 1262, 1268 (11th Cir. 2003). And there are many benefits to supervised release, such as drug testing and counseling, that go beyond the mere threat of revocation.

**IV.**

We **AFFIRM**.